## Chicago Great Western Ry. v. Agnes McMurchy.

1. DAMAGES—*When a Small Allowance is No Cause for Reversal.*— Where appellant changed a cut on its right of way and thereby cast waters upon appellee's land which never flowed there in a state of nature and the land was thereby damaged, and it was proved the railroad company intended to maintain the cut as it then was, proof by the defendant that it could, by the expenditure of a small sum of money, prevent

water from being further cast upon appellee's land, does not justify a reversal of a small allowance of damages for appellee.

2. EXCEPTIONS—*Must be Taken to the Action of the Court.*—Where the parties stipulated the jury should view the premises, but the court informed the parties that the condition of one of the jurors was such that this could not be done, and appellant did not then object or except to the action of the court, no error in that regard appears.

**Action for Diverting a Watercourse.**—Appeal from the Circuit Court of DeKalb County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 12, 1901.

J. B. STEPHENS, attorney for appellant.

JONES & ROGERS, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a suit brought by Mrs. Agnes McMurchy to recover damages against the Chicago Great Western Railway Company for changing a cut on its right of way, whereby, as was alleged, waters were cast upon her land adjacent to the railroad which never flowed there in a state of nature. Defendant pleaded not guilty, and there was a jury trial. The proof showed that water, which in a state of nature never came upon plaintiff's land, was thus cast upon her land in 1896, by reason of a change by the railway company in the depth of a cut on its right of way. In 1897, this same water washed a ditch through plaintiff's land. The attorney for the railway company was called as a witness by plaintiff, and testified it was the intention of the railway company to maintain the cut as it then was. The declaration laid the damages at $2,000. The witnesses estimated the damages to plaintiff's land at various sums, ranging from $400 to $1,000. The jury awarded plaintiff $200 and judgment was rendered thereon. The railway company appeals.

It is not argued that the court committed any error in its rulings upon the evidence and the instructions. The proof warranted the verdict. Defendant undertook to show that it could, by the expenditure of a small sum of money, prevent the water from being further cast upon plaintiff's land.

It had the benefit of that testimony before the jury, but it did not offer to stipulate that it would make these changes, but on the contrary, the testimony of its attorney showed that it did not intend to do so. Defendant practically, or at least to a large extent, succeeded before the jury, and we are not warranted by the evidence in disturbing the small verdict rendered for plaintiff.

The bill of exceptions shows that at the close of the testimony the trial judge stated that both sides had requested and stipulated that the jury should view the premises, but that he was informed that oné of the jurors was in such a condition that this could not be done, and for that reason he should submit the case to the jury without having them view the premises. It is claimed that this action of the court was error. The bill of exceptions does not show any stipulation or agreement of any kind, except what is contained in this statement by the trial judge, and it must all be taken together. It does not appear that the court incorrectly stated the fact as to the condition of the juror, nor that defendant then objected or excepted to the action of the court, and it can not now be heard to say that any error was committed. The judgment is therefore affirmed.